INGRAM, Presiding Judge.
A 1981 Cadillac Fleetwood automobile in the possession of Theodore Glover was seized by law enforcement officials in February 1986. The seizure was the result of a determination that the vehicle identification numbers (VIN) had been altered and falsified, in violation of § 32-8-86, Ala. Code 1975. Following an investigation, the State found that the automobile
“had an engine and transmission with altered VIN numbers to match the dash *132 VIN; and that the original factory VINs on the motor and transmission were from a 1979 Cadillac stolen in the State of Michigan; and that the 1981 Cadillac Fleetwood Automobile ... was reported stolen from the State of California....”
The State instituted forfeiture proceedings in January 1987. The matter was submitted to the trial court through written stipulation of facts. The trial court determined the automobile to be contraband and, therefore, subject to forfeiture. Glover appeals.
Glover’s only assertion is that he “has been denied due process by the failure of the state to promptly institute proceedings for condemnation.” He contends that, due to this denial, the vehicle should be returned to his possession. Glover relies heavily upon the language of § 20-2-93, Ala.Code 1975, which provides that certain condemnation proceedings “shall be instituted promptly.” Section 20-2-93 provides for the condemnation of money or property utilized in the illegal sale of controlled substances. The language of § 20-2-93 has no effect on the forfeiture of the automobile in this instance. The proceedings here were instituted pursuant to § 32-8-86(h), which provides the following:
“(h) Any vehicle, engine, transmission, or other identifiable component part, wherein the identification number or numbers appear to be altered, or removed, may be seized and detained by law enforcement officials for a reasonable period of time for determination of the true identity of the vehicle, engine, transmission, or other component parts. Any item seized by law enforcement officials, wherein ownership cannot be determined, shall be contraband and subject to forfeiture.”
The car was seized in February 1986 and forfeiture proceedings were initiated in January 1987. The narrow issue on appeal is whether this eleven-month delay was an “unreasonable” period of time such as to constitute a violation of Glover’s constitutional rights.
There is no mathematical formula which can be used to determine what constitutes a “reasonable period of time.” What is a reasonable time for an act to be done “depends upon the nature of the act to be done and all the circumstances relating to that act.” Hendrix, Mohr & Yardley, Inc. v. City of Daphne, 359 So.2d 792, 796 (Ala.1978). The act to be done here was to identify the true owner of the automobile. Following an investigation, the State failed to determine the identity of the owner. It was ascertained, however, that certain parts of the automobile came from a car stolen from Michigan, with the body of the car being reported stolen from California. The record is devoid of any circumstances surrounding this eleven-month investigation. There is no evidence concerning the necessity for the delay. Similarly, there is no evidence concerning damages or prejudice caused by the delay. Furthermore, the record is devoid of any proper motion filed by Glover in the trial court requesting a speedy disposition of the case.
Glover raised this issue below. However, he used incorrect law and failed to support his argument with any evidence. The court’s order did not address the issue, but summarily disposed of Glover’s argument. The record before us consists only of the clerk’s record. Frankly, with what this court has before it, we cannot determine what, if anything, transpired in the trial court concerning this issue.
With such an insufficient record before us, we are unable to consider Glover’s assertion for reversal because we “cannot presume the existence of facts as to which the record is silent and make it a ground for reversal.” Dais v. State ex rel. Davis, 420 So.2d 278, 279 (Ala.Civ.App.1982). Accordingly, this case is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.