This is a paternity case.
This court notes at the outset that only the clerk's record is before this court.
In October of 1980, the appellant was determined by the Juvenile Division of the 13th Judicial Circuit to be the father of a minor child. The minor child was born in 1973. This action of the circuit court was apparently taken after the appellant admitted that he was the father. In May of 1981, the appellant was found to be in contempt for failure to pay "child support." The appellant, again apparently, purged himself of contempt by paying some of the required child support.
In September of 1981, the appellant filed what is designated a "Motion for Rehearing." Therein it was alleged that certain constitutional guarantees of appellant were violated. Additionally, it was alleged that the original paternity petition was time barred.
The trial court denied the September, 1981, "Motion for Rehearing" and appellant, through able counsel, appeals. The contentions on appeal are the same as alleged in the September, 1981, petition.
As indicated, the record before this court consists only of the clerk's record. Quite frankly, in view of what this court has before it, we cannot tell what transpired in the trial court regarding the alleged errors. There is, simply stated, no evidence upon which to predicate the alleged errors.
This court is unable to consider that which the record does not proffer. See 2 Ala. Digest, Appeal Error, Key 712.
We cannot assume error; the burden is on appellant to show error in the record. 2A Ala. Digest, Appeal Error, Key 901. An appellate court cannot presume the existence of facts as to which the record is silent and make it a ground for reversal. Fancherv. Fancher, 262 Ala. 489, 80 So.2d 248 (1955).
In view of the above, this court has no alternative but to affirm.
AFFIRMED.
All the Judges concur.