Leslie Broadnax was indicted and convicted for theft of property in the first degree. Alabama Code § 13A-8-3 (1975). He was sentenced to life imprisonment as an habitual offender. On appeal, he contends that he was denied his constitutional right to a speedy trial.
The facts are as follows:
 July 6, 1981 Theft committed and Broadnax arrested.
August 18, 1981 Indictment.
September 2, 1981 Speedy trial requested.
September 3, 1981 Arraignment.
 February 11, 1982 Motion for Discharge for violation of "speedy trial rule" ("180 days had passed and the petitioner has not been to trial yet").
 October 10, 1981 Broadnax's probation in another case is revoked.
 August 26, 1983 Motion to dismiss filed. Denied on August 30, 1983.
September 21, 1983 Trial
The length of time from arrest to trial is two years and two and one-half months. Immediately before the trial started, Broadnax's appointed counsel renewed his motion to dismiss and the following occurred:
 "MR. MCCLEAVE (Defense Counsel): All right. Judge, at this time I'd like to renew my Motion to Dismiss. I filed a Motion to Dismiss in this case back on August 24th of 1983 alleging that Mr. Broadnax' right to a speedy trial had been violated. These causes of action — well, this cause of action, I believe, allegedly took place on July 6th, 1981.
 "Mr. Broadnax was arraigned in Circuit Court on September 3rd of 1981. Mr. Broadnax filed a motion for a speedy trial on September 2nd of 1981 and again filed a motion for a speedy trial on February 11th of 1982.
 "On October 10th of 1981 Mr. Broadnax' probation in another case was revoked and he was sent to the Penitentiary. In the meantime, he was brought back here, tried on another case; his parole finished, and he served the time on the other case. It was a theft of property case that was in front of Judge Zoghby. "During all this time, though, from the time he was arrested on July 6th, 1981, until the present Mr. Broadnax has been in the custody of the State of Alabama and he has been prejudiced in numerous ways; mainly in that he had parole time and time on another case that may very well have been run concurrent to the two cases that are before us now.
 "I'd ask Your Honor to reconsider and grant our Motion to Dismiss at this time.
 "MR. THETFORD (Assistant District Attorney): Judge, on several prior occasions the case was continued by the Defendant. On one occasion was because the Defendant was not ready, the defense attorney was not ready. On another occasion it was continued for psychiatric exam to be done. And we would ask that the motion be denied.
 "THE COURT: He was brought back at least one time; is that right?
 "MR THETFORD: Judge, I do not have that in front of me.
"THE COURT: This was in May of 1982.
 "MR. MCCLEAVE: Judge, I think there's a question of reasonableness here. Certainly I continued it once and it was reset about a month later. But we did not ask for a two-year continuance, Judge. And we certainly believe that that would be contrary to his right to a speedy trial.
 "THE COURT: Well, after you filed a motion for continuance you filed a motion for psychiatric examination, didn't you? *Page 207 
 "MR. MCCLEAVE: Yes. That doesn't waive his right to a speedy trial, Judge. He has a right to have a psychiatric examination.
"THE COURT: Motion to Dismiss denied."
(Emphasis added.)
Broadnax was given credit on his sentence for the time he had already served since his arrest. A second charge of theft was nol prossed.
In applying the four-part test of Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find that the delay of over two years is presumptively prejudicial and sufficient to trigger an inquiry into the remaining three factors.
The record contains little information on the reasons for the delay. Although Broadnax was in custody during the entire period, the State has offered no valid reason for the delay. The record shows that Broadnax was facing other criminal charges and in fact was tried and convicted while awaiting trial in this particular case. Although the record does not show when defense counsel requested a continuance, there is evidence that at least one continuance was necessary to allow counsel time for preparation. Another delay was attributable to a request for psychiatric examination. The State is not responsible for delays that result directly from the defendant's actions. United States v. Saavedra, 684 F.2d 1293,1296 (9th Cir. 1982) (delay partially attributable to continuance granted to accommodate defense counsel's schedule);United States v. Beery, 678 F.2d 856, 869 (10th Cir. 1982) (delay attributable to defendant's filing of 26 motions); Byrdv. State, 421 So.2d 1344 (Ala.Crim.App. 1982) (delay due in part to defendant's pretrial motions). Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test of Barker. Walker v. State, 386 So.2d 762,763 (Ala.Crim.App.), cert. denied, Ex parte Walker,386 So.2d 765 (Ala. 1980). "Where the delay in bringing a defendant to trial . . . is caused by continuances or postponements requested by the defendant, or by counsel on his behalf, his right in that respect is usually regarded as having been waived, and he may not complain of the delay." Annot., 57 A.L.R.2d 302, § 5 (1958 and 1984 Later Case Service).
Although Broadnax has made timely assertions of his right to a speedy trial, none of the written motions contains any indication of specific prejudice. There has never been advanced the contention that the delay impaired the defense.
 "While a showing of prejudice is not necessary to a finding of a Sixth Amendment violation, Moore v. Arizona, 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183 (1973), there is some reluctance to find a speedy trial deprivation where there is no prejudice. United States v. Brown, 600 F.2d 248, 254
(10th Cir. 1979), cert. denied, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979)."
 "Under Barker, prejudice to the defendant is assessed in light of three interests the speedy trial guarantee is designed to protect: (1) prevention of oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired." United States v. Jenkins, 701 F.2d 850, 857 (10th Cir. 1983). See also Barker, 407 U.S. at 532, 92 S.Ct. at 2192.
Here, there was no oppressive pretrial detention caused by this delay because Broadnax was serving time for another offense after his probation had been revoked. The revocation of his probation and his incarceration for that reason had nothing to do with the delay of the State in bringing Broadnax to trial. Moreover, with four prior felony convictions before 1974, and another felony conviction in 1981, we find it difficult to fathom why Broadnax had not already been sentenced as an habitual offender under the mandatory provisions of Alabama's Habitual Felony Offender Act. Ala. Code § 13A-5-9
(1975); Watson v. State, 392 So.2d 1274, 1276 *Page 208 
(Ala.Crim.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981).
Here, there is not even the contention that the delay caused excessive "anxiety and concern". Also, there has not even been the contention of actual or potential prejudice or impairment to his defense due to the delay between arrest and trial.
Finding that the delay has not in fact prejudiced Broadnax, that a portion of the delay must be attributable to him, and that he was incarcerated pending trial pursuant to the revocation of his probation in another case, we find that the trial judge did not err in denying Broadnax's motions for speedy trial.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.