The appellant, Edward M. Allison, was convicted of burglary in the third degree, robbery in the first degree, and escape in the first degree. He was sentenced to life imprisonment as a habitual felony offender for the burglary and robbery convictions, with those sentences to be served concurrently. He was sentenced to 50 years' imprisonment for the escape conviction, with that sentence to be served concurrently with the others. On this direct appeal from those convictions he claims that he was denied his constitutional right to a speedy trial.
On June 18, 1993, the appellant filed a motion to dismiss the indictment in which he alleged that he had been denied a speedy *Page 359 
trial. C.R. 44. Although there was a hearing on this motion (C.R. 1, 9, 17), the transcript of that hearing is not contained in the record on appeal. The following facts have been gleaned from the record before this Court.
 May 27, 1983: The appellant pleaded guilty to, and was convicted of, burglary in the first degree and robbery in the first degree in Coffee County Circuit Court. He was sentenced to concurrent terms of 10 years' imprisonment. C.R. 65, 70.
 November 11, 1983: The appellant escaped from the Frank Lee Youth Center in Elmore County. On this same date, the appellant burglarized the residence of Virginia Hopper and robbed her at gunpoint. These crimes — scape, burglary, and robbery — are the basis for the convictions that are the subject of this appeal.
 November 12, 1983: Warrants were issued for the appellant's arrest.
 January 13, 1984: The appellant was indicted. C.R. 26, 30, 32.
 May 27, 1989: The appellant was captured in Las Vegas, Nevada. R. 86. Apparently, the appellant had served time in California. R. 131-32, 136.
 December 29, 1989: The Alabama Department of Corrections filed a detainer against the appellant at the California Institution for Men, Chino, for the crimes of burglary, robbery, and escape. C.R. 48.
 June 16, 1991: The appellant filed a "demand for trial" with the California State Prison System. A handwritten notation on that demand form states: "According to Alabama Dept of Corrections — your escape charges have already been tried — No 1389 Demand for Trial can be done. They will pick you up when you parole [sic]." C.R. 49.
 June 26, 1991: The appellant filed an appeal from the response of the California State Prison System on the ground that his request for trial had not been forwarded to the "proper authorities." That appeal was denied on June 28, 1991, with the comment: "Your DEMAND FOR TRIAL form was forwarded to The Holds, Warrants Detainer Section for processing by this writer. It was returned to you with a notation: that the Charges against you have already been tried in Alabama and because of this no 1381 DEMAND FOR TRIAL can be done. They (State of Alabama will) will pick you up when you are paroled from California to do your time there." C.R. 50.
 July 30, 1991: The denial of the appeal of the demand for trial was reviewed by "associate warden classification" and the following notation entered: "Appeal denied. Based on information from Alabama Dept. of Corrections your warrant for escape has not been served on you therefore you can not make a demand for trial. Your hold is for the unfinished term that you were serving when you escaped." C.R. 51.
 August 12, 1991: The appellant sent a letter to the "District Attorney for the County of Montgomery" requesting: "Please inform me in writing of the existence of any felony criminal complaints filed against requisitioner [sic] as of January 1, 1983 to the present. It is also requested that I please be informed in writing as to the existence of any/all wants [sic], warrants interstate detainers." C.R. 52.
 March 5, 1993: The appellant was returned to Alabama. R. 86.
 June 18, 1993: The appellant filed a motion to dismiss the indictment on the ground of denial of speedy trial.
 July 20, 1993: A hearing was held on the appellant's motion to dismiss, after which the motion was denied. The transcript of this hearing is not contained in the record on appeal. C.R. 1, 9, 17.
August 30, 1993: A jury was selected. C.R. 2, 18.
 September 1, 1993: The appellant was tried and convicted.
 At the beginning of his trial, the appellant filed, apparently in open court, a "motion for reinstatement" of his motion to dismiss for violation of speedy trial. C.R. 59. That motion was denied by the trial judge with the following comment: "[W]e did have a hearing, and the Court did deny his motion to dismiss for failure to provide him with a speedy trial. We went through *Page 360 
various grounds, and I heard oral argument from counsel for the State and counsel for the defendant at the prior hearing, and I entered that ruling denying the motion to dismiss. I don't know if there are any new grounds raised that were not considered in the earlier motion." R. 18. After the appellant admitted that no new grounds were raised, the trial judge stated: "I think that you have got the record covered so far as your record is concerned about your complaints about that. All of the grounds apparently were discussed and considered by the Court before, and the State raised certain issues that they felt indicated that your rights had not been violated. . . ." R. 19. After determining that the State was reasserting those same grounds, the trial judge stated: "The Court will give them the same due consideration as I am giving to the reconsideration here to the grounds raised by the defendant, and the Court is going to come to the same conclusion that the motion to dismiss should be denied, and we are ready to proceed." R. 19.
Rule 10(c)(2), A.R.App.P., provides, in pertinent part: "The reporter's transcript shall contain the typewritten original transcript of all proceedings in the case specifically designated on Form 1C, Reporter's Transcript Order — Criminal." The only proceedings requested in this case were "trial proceedings." C.R. 78. Although the form contains space for requesting any additional proceedings, no such request was made.
There has been no request to supplement the record on appeal and the time for so doing has expired. Rule 10(g), A.R.App.P.
Under these circumstances, the record is incomplete and will not support a finding by this Court that the trial court abused its discretion in denying the motion to dismiss. This Court was confronted with a similar situation in Ingram v. State,629 So.2d 800 (Ala.Cr.App. 1993).
 "The record in this case is simply insufficient for this court to examine the totality of the circumstances surrounding the delay of the trial of the appellant.
". . . .
 "The record contains no hearing on or discussion of the appellant's motion to dismiss. We can only speculate as to the reasons for the delay or the actual prejudice suffered by the appellant. We have no indication of when the appellant was actually incarcerated following the revocation of his parole, although we may assume it was immediately, or upon his release from prison on his original conviction, as it appears he was.
 " 'The motion [to dismiss] itself was unverified and was not accompanied by any supporting affidavits. Consequently, the assertions of counsel contained therein "are bare allegations and cannot be considered as evidence or proof of the facts alleged." ' Arnold v. State, 601 So.2d 145, 154 (Ala.Cr.App. 1992).
 " ' "Assertions of counsel in an unverified motion . . . are bare allegations and cannot be considered as evidence or proof of the facts alleged." Smith v. State, 364 So.2d 1, 14
(Ala.Cr.App. 1978). See Daniels [v. State], 416 So.2d [760, 762 (Ala.Cr.App. 1982)].' Blount v. State, 557 So.2d 1333, 1335 (Ala.Cr.App. 1989).
 "An appellate court is 'bound by what appears in the record before [it]. The appellant " 'bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a corrected record.' " Welch v. State, 455 So.2d 299, 300 (Ala.Cr.App. 1984) (quoting Harris v. State, 420 So.2d 812, 816
(Ala.Cr.App. 1982)).' Jordan v. State, 607 So.2d 333, 335 (Ala.Cr.App. 1992). In this case, the appellant has not filed a motion to correct or to supplement the record.
 "For these reasons, we will not overturn the appellant's conviction on the ground that he was denied a speedy trial. '[T]he court in determining whether . . . [the accused's right to a speedy trial] has been violated is not required to go beyond the issue made by the parties and the evidence brought by them to the attention of the court.' Billingsley v. State, 367 So.2d 553, 556
(Ala.Cr.App. 1978), cert. denied, 367 So.2d 557
(Ala. 1979)." *Page 361 
Ingram, 629 So.2d at 803-04. Although we have more information in this case that we did in Ingram, the information we do have is still incomplete and insufficient.
 "This court cannot assume error, nor can it presume the existence of facts to which the record is silent. Dais v. [State ex rel. Davis], 420 So.2d 278 (Ala.Civ.App. 1982). The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638 (Ala.Civ.App. 1985). Furthermore, when a trial court's order is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported by the evidence. Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App. 1987)."
Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App. 1993).
 "[T]his Court will not assume error, and the burden is on the appellant 'to affirmatively demonstrate from the record that an error was committed by the trial court.' Chestnut Hills Civic Ass'n v. Dobbins, 361 So.2d 1043, 1044 (Ala. 1978); Coastal Realty Mortg., Inc. v. First Ala. Bank, N.A., 424 So.2d 1315, 1317 (Ala.Civ.App. 1982). An appellate court 'cannot presume the existence of facts as to which the record is silent and make it a ground for reversal.' [Dais] v. State ex rel. Davis, 420 So.2d 278, 279 (Ala.Civ.App. 1982). Appellate courts are 'prisoners of the record and occurrences in chambers and off the record are outside [the court's] purview unless the trial court or attorneys made certain that [the court] is privy to them.' Stephens v. Central of Georgia R.R. Co., 367 So.2d 192, 194 (Ala. 1978). The trial court is presumed to have acted correctly 'unless the contrary is made to appear from the record.' Johnson v. Fishbein, 289 Ala. 328, 334, 267 So.2d 405, 410 (1972)."
Empiregas, Inc. v. Hardy, 487 So.2d 244, 251 (Ala. 1985), cert. denied, 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986).
 " 'Appellant bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a correct record.' Harris v. State, 420 So.2d 812, 816 (Ala.Cr.App. 1982) (citations omitted). 'Rule 10(f), Alabama Rules of Appellate Procedure . . . specifically authorizes the correction of an omission from the record.' Pope v. State, 387 So.2d 300, 301 (Ala.Cr.App. 1980). See also Weaver v. State, 401 So.2d 344, 348 (Ala.Cr.App. 1981). 'Since the rule has not been invoked to supply the complained of omission, there is nothing for this Court to review.' Welch v. State, 455 So.2d 299, 300 (Ala.Cr.App. 1984).
 " '[I]n the absence of the evidence and proceedings on the trial, all presumptions must be indulged in favor of the trial court. Error cannot be presumed.' Thomas v. State, 231 Ala. 606, 607, 165 So. 833, 834 (1936). 'When there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge.' Ballard v. State, 236 Ala. 541, 542, 184 So. 260, 261 (1938). 'It is also the well established rule that doubtful recitals must be construed most strongly against the excepter. . . . Appellant has the burden of showing reversible error, and error must affirmatively appear.' Id. 'Substantial error is not presumed, but the burden is upon the appellant to show error.' Edwards v. State, 274 Ala. 569, 570, 150 So.2d 710, 711 (1963). 'A reviewing court cannot predicate error on matters not shown by the record. Indeed, a silent record supports a judgment. It is the appellant's duty to file a correct record.' Robinson v. State, 444 So.2d 884, 885 (Ala. 1983) (citations omitted)."
Reeves v. State, 530 So.2d 894, 897 (Ala.Cr.App. 1988).
The record in this case is insufficient for this Court to apply the complete test of Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). While we can answer some of the questions involved, Barker is a "balancing test" and we do not have enough information to answer each of the four factors identified in Barker. We have questions concerning the actual length of delay because we cannot determine exactly who was responsible for the delay or for portions of that delay. Although one reason for the delay, or at least a portion of it, is the *Page 362 
appellant's escape and apparent subsequent incarceration in California, the record contains only scant evidence of the efforts made by the State to secure the appellant's return to Alabama. Furthermore, the record contains no verified allegations of prejudice suffered by the appellant. Although we may speculate as to that prejudice, the fact remains that the record contains no evidence of prejudice. The assertions of counsel contained in the motion to dismiss " 'are bare allegations and cannot be considered as evidence or proof of the facts alleged.' " Daniels v. State, 416 So.2d 760, 762
(Ala.Cr.App. 1982) (quoting Smith v. State, 364 So.2d 1, 14
(Ala.Cr.App. 1978)).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.