Johnny Wayne Campbell appeals from his conviction for theft of property in the second degree, a violation of § 13A-8-4, Ala. Code 1975, and his sentence of life imprisonment as a habitual offender. The State's evidence tended to show the following. On April 20, 1994, Campbell stole a television from a Decatur home center store, hurriedly placed it in a vehicle, and rode away in the vehicle. Two witnesses reported the theft and gave the vehicle's license plate number to store personnel. The police were summoned. Later the same day, Campbell was found at the residence of Cornell Wiggins; Wiggins consented to a search of the house and the stolen television was recovered inside the house. Campbell was arrested and later confessed to taking the television. Campbell raises nine issues for this court's consideration.
 I
Campbell argues that the trial court erred in denying his motion to set aside his conviction in which he alleged discrimination in the selection of the grand jury foreperson. The trial court denied the motion after the State argued that it was untimely filed. The trial court's denial was proper. Objections based on alleged defects in the commencement of proceedings, other than lack of subject matter jurisdiction or failure to charge an offense, must be raised before trial. Rule 15.2, Ala.R.Crim. P. The failure to present the objection in a timely fashion constitutes a waiver. Rule 15.2(c), Ala. R.Crim. P. Campbell's attempt to avoid the waiver on grounds that this court's decision in Pace v. State, [Ms. CR-93-740, Sept. 27, 1996] ___ So.2d ___ (Ala.Cr.App. 1996), was a drastic departure from established law, fails because Pace discussed 1993 decisions regarding proof of discrimination in the selection of grand jury forepersons. Lee v. State, 631 So.2d 1059
(Ala.Cr.App. 1993); Locke v. State, 631 So.2d 1062 (Ala.Cr.App. 1993). Further, Campbell cited these same precedents in his motion to set aside his conviction.
This claim must fail.
 II
Campbell next argues that the trial court erred in denying his Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), motion, which he made after the prosecution struck a black female from the venire. When Campbell made his Batson
motion at trial, he stated only that he saw no reason for the State's strike except race and that the veniremember shared traits with others who were left on the jury. The trial court determined that Campbell failed to prove a prima facie case and denied the motion. We agree with the trial court.
A party making a Batson challenge bears the burden of proving a prima facie case of discrimination and, in the absence of such proof, the prosecution is not required to state its reasons for its peremptory challenges. Ex parte Branch,526 So.2d 609 (Ala. 1987). In Branch, the Alabama Supreme Court discussed several factors a defendant could use in support of its Batson *Page 1332 
challenge, including, for example, evidence that the jurors in question shared only the characteristic of race, a pattern of strikes, and the type and manner of the voir dire examination by the prosecution. Campbell offered virtually nothing. Campbell merely stated that the prosecutor used one of an unknown number of peremptory strikes against a black veniremember. There is no evidence in the record of the racial composition of the venire or the jury. Nor does the record show how the prosecutor used his remaining challenges.
Ex parte Branch, supra, held that the trial court's determination of whether a defendant established a prima facie case of discrimination is due great deference. In light of the record before us and the relevant caselaw, we find no abuse of discretion in the trial court's denial of Campbell's Batson
motion.
 III
Campbell argues that the trial court erred when it admitted his confession into evidence, because, he says, he was under the influence of crack cocaine when he confessed and was afraid of the officer to whom he confessed. Thus, he argues, his statement was involuntary. The State contends that it was properly admitted and that the trial court's denial of Campbell's motion was not contrary to the great weight of the evidence. We agree with the State.
 " 'In determining whether a confession is voluntary, the trial court's finding of voluntariness need only be supported by a preponderance of the evidence. The trial court's decision will not be disturbed on appeal unless it is manifestly contrary to the great weight of the evidence. " 'The test for the voluntary nature of an extrajudicial confession or inculpatory statement is whether in light of all the surrounding circumstances, the statement was free from inducement, threat or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor.' ". . .'
 "Whether a waiver of Miranda rights is knowingly and intelligently made depends on the facts of each case, considering the totality of the circumstances surrounding the interrogation, including the characteristics of the accused, the conditions of the interrogation, and the conduct of the law enforcement officials. The question whether a confession is knowing and voluntary is a question of law for the trial court, and the trial court's finding on that issue will not be reversed on appeal unless it is contrary to the great weight of the evidence or is manifestly wrong."
Harris v. State, 705 So.2d 542 (Ala.Cr.App. 1997) (citations omitted).
In this case, the arresting officer, who had had previous contacts with Campbell, testified that he observed nothing that indicated that Campbell was under the influence of alcohol or any drug when he first spoke with him or when he questioned him one and one-half hours later at the police station. The officer also testified that he read Campbell his Miranda rights and that Campbell signed the rights form before he gave a statement. Finally, the officer stated that he did not threaten or coerce Campbell or offer him a reward for his statement.
Based on the evidence presented, we find that the trial court's finding that Campbell's statement was knowingly and voluntarily given was not contrary to the great weight of the evidence or manifestly wrong. Accordingly, we reject Campbell's claim of error as to this issue.
 IV
Campbell next alleges that the trial court erred when it admitted testimony relating to the recovery of the stolen television, because, he says, the evidence was seized as the result of a nonconsensual warrantless search. The trial court denied Campbell's motion to suppress the evidence because it found that the owner of the house, Cornelius Wiggins, consented to the search. We agree that the denial of the motion to suppress was proper, but we do so because Campbell had no standing to object to the search.
"A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property *Page 1333 
has not had any of his Fourth Amendment rights infringed."Rakas v. Illinois, 439 U.S. 128, 134, 99 S.Ct. 421, 425,58 L.Ed.2d 387 (1978). "A defendant must also establish a legitimate expectation of privacy in the particular area
searched in order for a Fourth Amendment challenge to be allowed." United States v. Meyer, 656 F.2d 979, 981 (5th Cir. 1981) (quoted in Williams v. State, 601 So.2d 1062, 1071
(Ala.Cr.App.), aff'd, 662 So.2d 929 (table) (Ala. 1991), cert.denied, 506 U.S. 957, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992)). Campbell failed to establish a legitimate expectation of privacy in the area searched. See also Kaercher v. State,554 So.2d 1143 (Ala.Cr.App. 1989).
Based on the foregoing, we hold that Campbell did not have standing to challenge the search of Wiggins's house, and that evidence seized during the search was properly admitted.
 V
Campbell argues that the trial court erred when it denied his motions for a judgment of acquittal and for a new trial because, he says, the State failed to prove that the television recovered from the house was the television that was stolen from the store. He contends that his confession, alone, was not sufficient to establish that fact.
In reviewing a question of the sufficiency of the evidence, this court must accept the State's evidence as true and accord the State all legitimate inferences from the evidence.E.g., McKinney v. State, 654 So.2d 95 (Ala.Cr.App. 1995). The corpus delicti must be established before evidence of a defendant's confession can be admitted. Hines v. State,260 Ala. 668, 671, 72 So.2d 296, 298 (1954). "While a confession is inadmissible as prima facie proof of the corpus delicti, it can be used along with other evidence to satisfy the jury of the existence of the corpus delicti." Bracewell v. State,506 So.2d 354, 360 (Ala.Cr.App. 1986). "Independent evidence of the corpus delicti need not be of such probative strength as that such evidence, standing alone, in the opinion of the trial or appellate court, would, ought to, or probably would satisfy a jury beyond a reasonable doubt of the existence of the corpus delicti." Howell v. State, 571 So.2d 396 (Ala.Cr.App. 1990) (quoting C. Gamble, McElroy's Alabama Evidence § 304.1 (3d ed. 1977)).
Here, the testimony of the eyewitnesses and the store employee was sufficient to establish, beyond a reasonable doubt, the commission of the offense of second-degree theft as charged in the indictment. The trial court's rulings were correct.
 VI
Campbell argues that the trial court erred in admitting the eyewitnesses's in-court identification of him, because, he argues, the identifications arose from unnecessarily suggestive procedures. Campbell failed to preserve these claims for review. As to the identification by Ellen Watson, Campbell failed to object until after she had identified him, and he stated that he had no grounds for the objection. As to the identification by Priscilla Wagner, Campbell made no objection at trial. Thus, Campbell's claims on appeal are not properly before us.
 VII
Campbell argues that he was denied his right to a speedy trial. The State argues that Campbell failed to prove that any of the relevant factors announced in Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), weighed against him.
The chronology of this case is necessary to our review of this issue:
 April 20, 1994: Campbell was arrested and charged with second degree theft.
 June 3, 1994: Bond was revoked in three prior cases and denied in this case.
 August 4, 1994: Campbell moved to have different appointed counsel.
 October 6, 1994: Appointed counsel was relieved; new counsel was appointed.
 October 24, 1994: Campbell filed motion for a speedy trial.
 November 1, 1994: Speedy trial motion was granted, and case was to be scheduled on the docket as quickly as possible.
 December, 1994: Campbell was indicted by Morgan County grand jury. *Page 1334 
 April 3, 1995: Trial date. Because all circuit judges recused themselves on grounds of potential conflict, a new judge was appointed and trial was reset for May 9, 1995.
 May 9, 1995: Trial was continued due to conflict in defense counsel's schedule; trial was reset for August 22, 1995.
 August 22, 1995: Campbell filed a motion to dismiss for want of a speedy trial; motion was denied. Against counsel's advice, Campbell entered a plea of not guilty by reason of mental defect or disease and requested a mental evaluation. Trial was continued due to plea.
 August 29, 1995: Counsel moved to withdraw on grounds that Campbell was uncooperative.
 September 6, 1995: Motion for mental evaluation was denied, but Campbell was given 14 days to submit evidence in support of the motion. Counsel's motion to withdraw was denied; court noted concern for speedy trial and delay new appointments would cause. Trial was reset for October 24, 1995.
 September 22, 1995: Campbell's request for mental evaluation was granted; proceedings were suspended pending completion of evaluation.
May 5, 1996: Campbell was found to be competent.
 March 13, 1995: Trial was reset for May 21, 1996.
 April 1, 1996: Trial was reset for June 24, 1996, due to conflict in defense counsel's schedule.
 June 21, 1996: Campbell filed motion to dismiss on speedy trial grounds.
 June 24, 1996: Hearing was held on motion to dismiss; motion was denied. Trial began.
To determine whether a defendant was denied his or her right to a speedy trial, Barker v. Wingo, supra, requires the weighing of four factors: (1) the length of delay; (2) the reason for delay; (3) when defendant asserted right; and (4) prejudice to the defendant. The length of delay must be presumptively prejudicial before inquiry is made into the remaining factors. Whether a delay is presumptively prejudicial requires case-by-case determination. Payne v. State,683 So.2d 440,451 (Ala.Cr.App. 1995).
We conclude that the 26-month delay here was not presumptively prejudicial. Barker requires that we examine the conduct of the defense and the prosecution, 407 U.S. at 530,92 S.Ct. at 2192, and in doing so, we find that much of the delay was due to Campbell's conflicts with his attorneys, suspension of proceedings for the forensic evaluation he requested, and defense counsel's scheduling conflicts.
Even though we have concluded that the delay was not presumptively prejudicial, we have reviewed the remaining factors and find no violation of Campbell's right to a speedy trial. Although Campbell spent two years in jail, he acknowledged at the hearing on his motion to dismiss that 12 months of the 2 years were spent in county jail on a misdemeanor theft charge. Finally, the prejudice suffered as a result of the delay is questionable; Campbell alleged that he was unable to locate his witnesses due to his incarceration, but he testified at the hearing that he never really knew any of the addresses of the witnesses anyway.
We find no error in the trial court's denial of Campbell's motion to dismiss the indictment.
 VIII
Campbell next alleges that the trial court erred when it sentenced him pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975, because, he says, the State failed to prove that evidence of the five prior felony convictions introduced at trial actually related to his convictions and not someone else's convictions. At trial, the State introduced six felony convictions; Campbell objected to the sixth conviction because it identified the defendant as a white male, and this appellant is black. Campbell objected to the remaining convictions because they were "tied together." The State withdrew its offer of the sixth conviction, and the trial court admitted the remaining ones for sentencing purposes.
On appeal, Campbell contends that, once he asserted that one of the convictions was not his, the State and the court had a *Page 1335 
duty to verify that the remaining convictions were truly his. He is incorrect. This court has held that, once the State has made proper proof of a prior conviction for the sentencing purposes and the defendant objects, the defendant bears the burden of presenting evidence in support of his objection.Dover v. State, 570 So.2d 784 (Ala.Cr.App. 1990). Campbell failed to offer any evidence to show that the convictions were not his. Moreover, we note that the convictions in the five exhibits match those listed in the presentence report.
Because Campbell failed to sustain his burden of proof, the trial court properly admitted the five prior convictions and applied them for purposes of sentence enhancement.
 IX
Finally, Campbell argues that the trial court erred in admitting evidence obtained as a result of his allegedly illegal detention before his arrest. The State contends that the police were justified in making the brief investigatory stop pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889 (1968), and that the resulting evidence was properly admitted at trial.
Initially, we hold that Campbell did not raise this specific objection at trial, so it is waived for purposes of review.
In the alternative, we find that, in light of the fact that police officers located the getaway car reported from an earlier crime, as well as individuals who matched the description of those involved in the crime, there existed particularized, articulable reasons for believing that Campbell had been involved in criminal activity. Thus, the brief detention before the detective arrived was permissible.
Based on the foregoing analysis, we hold that none of Campbell's claims warrant relief from his conviction or sentence. Accordingly, we affirm the trial court's judgment.
AFFIRMED.
All the Judges concur.