The State appeals from the trial court's order granting a motion to dismiss the case against the appellee, Romekia Lashon Johnson.
The State argues that the trial court erroneously granted the appellee's "Motion to Dismiss for Violation of Defendant's Right to a Speedy Trial." Specifically, it contends that the appellee was not denied his right to a speedy trial and that the trial court erroneously granted the motion without first considering the factors set forth in Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Barker, the United States Supreme Court set forth the following factors that must be weighed when reviewing a speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right to a speedy trial; and (4) the degree of prejudice the accused suffered due to the delay. See also Exparte Carrell, 565 So.2d 104 (Ala. 1990). Unless the delay is sufficiently lengthy to be presumptively prejudicial, it is not necessary to consider the remaining Barker factors. SeeBarker, supra; Zumbado v. State, 615 So.2d 1223 (Ala.Crim.App. 1993). The pertinent dates and events were as follows:
 November 29, 2001: The appellee was arrested and subsequently released on bond.
 February 7, 2003: The appellee was indicted for unlawful possession of a controlled substance (cocaine) and first-degree unlawful possession of marijuana.
 March 20, 2003: The appellee filed a motion for discovery and a motion for extraordinary expenses.
 April 18, 2003: The State filed a "Notice of Discovery to Defendant, Intent to Use Prior Convictions, Intent to Invoke Sentencing Enhancements, Intent to Offer Proof by a Certificate of Analysis, and Motion for Discovery by State."
 February 4, 2004: The appellee filed a "Motion to Dismiss for Violation of Defendant's Right to a Speedy Trial."
 April 14, 2004: The trial court conducted a hearing on the appellee's motion to dismiss.
 A. LENGTH OF THE DELAY
To determine the length of the delay, time is measured either from the date of the formal indictment or from the date of arrest, whichever occurred first. *Page 484 See Nickerson v. State, 629 So.2d 60 (Ala.Crim.App. 1993). Accordingly, the length of delay in this case is measured from the date the appellee was arrested on November 29, 2001, until the date the trial court conducted the hearing on his motion to dismiss, which was approximately 28 months. This court has previously found that similar delays were not presumptively prejudicial and did not require an examination of the remainingBarker criteria. See Campbell v. State, 709 So.2d 1329
(Ala.Crim.App. 1997) (holding that a 26-month delay was not presumptively prejudicial); Payne v. State, 683 So.2d 440
(Ala.Crim.App. 1995) (holding that a 25-month delay was not presumptively prejudicial); Coral v. State, 628 So.2d 954
(Ala.Crim.App. 1992) (holding that a 22-month delay was not presumptively prejudicial). Nevertheless, we will examine the remaining Barker factors.
 B. REASONS FOR THE DELAY
During the hearing on the motion to dismiss, the following occurred:
 "[PROSECUTOR]: Your Honor, as you know, the case begins when there's a warrant signed. In this case, [the appellee] was arrested on the date of the incident. He knew that the case was pending. There would be no prejudice. The actual case began the day he was arrested. Since that time, though, there were several [continuances] from the grand jury for toxicology. Once the toxicology came back, he was indicted on 2/7 of 2003, February 7th of 2003, and the case has worked its way through the system. And it's now April of 2004. I don't think that there is a presumptive prejudice being shown in this case.
". . . .
 "THE COURT: I'm going to grant the motion in this case. I mean, that don't make any sense. It really doesn't.
 "[PROSECUTOR]: Excuse me, sir, what doesn't make sense?
 "THE COURT: That y'all would take that long to indict this case.
 "[PROSECUTOR]: Your Honor, he — the case — if you'll allow me.
"THE COURT: Well, I don't understand.
 "[PROSECUTOR]: The reason for the delay — the case does not begin until either there's an indictment or there was a warrant signed. The warrant was signed and the defendant was arrested. There is — there's no delay in this case. What we were waiting for is toxicology, Your Honor. And toxicology came back and he was indicted in this case.
 "Now, I don't think that there is a presumptive prejudice that attaches to this case.
"THE COURT: Uh-huh.
"[PROSECUTOR]: I mean, there —
"THE COURT: So he was arrested in 2001?
"[PROSECUTOR]: Yes, he was.
"THE COURT: And not indicted until 2003?
 "[PROSECUTOR]: And that was for toxicology, Your Honor. We have to send — we have to send off to DFS. DFS has delays. It doesn't delay this defendant from garnering any witnesses that he might deem necessary for this case, doesn't stop him from doing anything.
"THE COURT: Well, I'm going to grant it.
 "[PROSECUTOR]: Your Honor, I don't think you've taken into consideration. I don't think that he's shown any prejudice, and I still don't think that he's shown a delay as presumptively prejudicial. *Page 485 
 "THE COURT: All right. I'm going to dismiss the case on speedy trial grounds."
(R. 7-9.) Clearly, the delay in this case was caused by a delay in testing by the Alabama Department of Forensic Sciences. Neutral reasons for delay do not ordinarily require a dismissal of the case based on a violation of the right to a speedy trial.See Pierson v. State, 677 So.2d 830, 831 (Ala.Crim.App. 1996). Because the appellee has not shown that the State deliberately caused any delay, this Barker factor does not weigh in his favor.
 C. THE APPELLEE'S ASSERTION OF RIGHTS
"Repeated requests for a speedy trial weigh heavily in favor of an accused." Kelley v. State, 568 So.2d 405, 410 (Ala.Crim.App. 1990). In this case, the appellee asserted his right one time — almost one year after he was indicted. However, he did not allege any specific prejudice in this motion. The fact that the appellee did not pursue his speedy trial claim for nearly a year after he was indicted suggests that he "either acquiesced in the delays or suffered only minimal prejudice prior to that date." Lewis v.State, 469 So.2d 1291, 1294 (Ala.Crim.App. 1984), aff'd,469 So.2d 1301 (Ala. 1985).
 D. PREJUDICE TO THE APPELLEE
In his motion to dismiss, the appellee made only a general allegation that the delay "surely and substantially prejudices [his] ability to prepare and defend himself in this action." (C.R. 16.) During the hearing on his motion to dismiss, the appellee made a general allegation that there was a codefendant who was vital to his case and that he could not find the codefendant due to the length of the delay following his arrest. However, he was released on bond the day he was arrested, and he was not incarcerated after that time. Further, he did not allege any efforts that he had made to locate the codefendant and did not show how the delay had caused him to be unable to locate the codefendant. Therefore, he has not shown that he was prejudiced by the delay.
In this case, there was a delay in indicting the appellee due to a backlog at the Alabama Department of Forensic Sciences. Also, the appellee waited nearly one year after he was indicted to assert his right to a speedy trial. Finally, the appellee made general allegations, but he did not establish that he was prejudiced by the delay. After weighing the Barker factors, it does not appear that the appellee was denied his right to a speedy trial. Therefore, the trial court erroneously dismissed the indictment against him. Accordingly, we reverse the trial court's judgment and remand this case to that court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.