This petition for a writ of certiorari seeks review of the Court of Criminal Appeals' denial, without an opinion, of S.K. Hamilton's petition for a writ of habeas corpus, in which Hamilton asserted that his right to a speedy trial had been violated. We reverse and remand.
 Facts and Procedural History
The petitioner, S.K. Hamilton, is a defendant in the Talladega Circuit Court charged with capital murder. Hamilton was arrested on November 13, 2002, and appears, based on the materials before us, to have been held in the Talladega County jail without bond since that date. The relevant dates and events are as follows:
 November 12, 2002: A warrant was issued for Hamilton's arrest.
 November 13, 2002: Hamilton was arrested and placed in the Talladega County jail. *Page 286 
 February 19, 2003: Counsel was appointed to represent Hamilton, and the case was continued by agreement until March 19, 2003.
 March 19, 2003: The case-action-summary sheet indicates that the case was continued until August 2003.
 May 12, 2003: Hamilton filed, among other things, a motion requesting a preliminary hearing and a motion requesting a speedy trial.
 June 18, 2003: A preliminary hearing was held, and Hamilton was bound over to the grand jury for indictment.
 September 11, 2003: While awaiting indictment, Hamilton filed a motion requesting dismissal of the charges against him for want of prosecution.
 February 18, 2004.: Hamilton filed a "renewal" of his motion seeking a dismissal for want of prosecution.
 June 29, 2004: Hamilton filed in the trial court a petition for a writ of habeas corpus, asserting that he had not yet been indicted despite the fact that he had been held without bond in the Talladega County jail since his arrest 19 months earlier. Hamilton asserted specifically that his right to a speedy trial had been violated.
 August 4, 2004 and August 6, 2004:
The trial court conducted hearings on Hamilton's habeas petition. The matter was continued until March 9, 2005.
 August 23, 2004: Hamilton was indicted for two counts of capital murder.
 October 18, 2004: Hamilton was arraigned and entered a plea of not guilty. The trial court set the case for a "special status" conference on March 9, 2005.
 November 15, 2004: Hamilton requested a continuance to prepare additional filings. The trial court allowed Hamilton 30 days in which to file further pleadings, and the case was continued until the next "criminal status call docket" on January 24, 2005.
 January 24, 2005: The case was continued until the next "criminal status call docket" on February 23, 2005.
 February 23, 2005: The case-action-summary sheet indicates that the case was continued "by agreement" until the next "criminal status call docket" on March 21, 2005.
 March 10, 2005: The trial court denied Hamilton's petition for a writ of habeas corpus. Among other things, the trial court held that the State had not deliberately delayed Hamilton's indictment or trial. The trial court also held that "the delay in [Hamilton's] case is not sufficiently lengthy to be presumptively prejudicial, and it is not therefore necessary for the Court to consider the other [speedy-trial] factors as set out in Barker v. Wingo, 407 U.S. 514 (1972)."
 April 20, 2005: Hamilton asserts that on this date the trial court denied his motion to alter, amend, or vacate the trial court's denial of Hamilton's habeas petition.
 July 19, 2005: The Court of Criminal Appeals denied, without opinion, Hamilton's habeas petition. Ex parte Hamilton (No. CR-04-1751), 945 So.2d 1105 (Ala.Crim.App. 2005) (table).
 August 2, 2005: The Court of Criminal Appeals denied Hamilton's application for rehearing.
Hamilton then filed in this Court a petition for a writ of certiorari.[1] This Court granted the petition to address Hamilton's contention that the no-opinion denial of Hamilton's petition for a writ of habeas corpus by the Court of Criminal Appeals *Page 287 
conflicts with several of this Court's decisions setting forth the principles of a defendant's right to a speedy trial.
 Standard of Review
Review of Hamilton's petition involves only an issue of law and the application of the law to undisputed facts; therefore our review is de novo. Ex parte Walker, 928 So.2d 259,262 (Ala. 2005) ("Walker's case involves only issues of law and the application of the law to the undisputed facts. Thus, our review is de novo.").
 Discussion "An accused's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Art. I, § 6, of the Alabama Constitution, 1901. . . . [A]n evaluation of an accused's speedy-trial claim requires us to balance the four factors the United States Supreme Court set forth in Barker [v. Wingo, 407 U.S. 514 (1972)]: `[l]ength of delay, the reason for the delay, the defendant's assertion of [her] right, and prejudice to the defendant.' 407 U.S. at 530, 92 S.Ct. 2182
(footnote omitted)."
Walker, 928 So.2d at 263 (footnotes omitted).
The trial court's order denying Hamilton's habeas petition reveals that, at most, the trial court made findings addressing only two of the four Barker factors in examining Hamilton's speedy-trial claim. First, the trial court's order partially addresses the reason for the delay, the secondBarker factor, in that the trial court specifically found "that there was not a deliberate delay by the office of the District Attorney during investigation or by the Alabama Department of Forensic Science relative to testing." Second, the trial court addressed the first Barker factor — the length of the delay — and specifically found that the delay in Hamilton's case "is not sufficiently lengthy to be presumptively prejudicial." The court concluded, therefore, that "it is not necessary . . . to consider the other [Barker] factors."
Hamilton contends that the trial court erred in concluding that the delay in Hamilton's case is not "presumptively prejudicial." We agree. Under the circumstances of this case, the trial court should have concluded that the delay is presumptively prejudicial and therefore should have examined and balanced the remaining three Barker factors in evaluating Hamilton's speedy-trial claim.
In Walker, this Court noted that the firstBarker factor involves a "`double enquiry.'"928 So.2d at 263 (quoting Doggett v. United States,505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)). "The first inquiry under this factor is whether the length of the delay is `presumptively prejudicial.'" 928 So.2d at 263.[2]
 "A finding that the length of delay is presumptively prejudicial `triggers' an examination of the remaining three Barker factors. 505 U.S. at 652 n. 1, 112 S.Ct. 2686 ('[A]s the term is used in this threshold context, "presumptive prejudice" does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry.'). See also Roberson v. State, 864 So.2d 379, 394 (Ala.Crim.App. 2002). *Page 288 
 "In Alabama, `[t]he length of delay is measured from the date of the indictment or the date of the issuance of an arrest warrant — whichever is earlier — to the date of the trial.' Roberson, 864 So.2d at 394. Cf. § 15-3-7, Ala. Code 1975 ('A prosecution may be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant or by binding over the offender.'); Rule 2.1, Ala. R.Crim. P. ('All criminal proceedings shall be commenced either by indictment or by complaint.'). The length of the delay in [Walker's] case was approximately 50 months: Walker was indicted on January 14, 2000, and she pleaded guilty on March 25, 2004. See [Ex parte] Carrell, 565 So.2d [104,] 107 [(Ala. 1990)] (calculating the length of delay from defendant's indictment until his plea of guilty). The State concedes (and both the trial court and the Court of Criminal Appeals held) that the 50-month delay in Walker's case was presumptively prejudicial. A finding here of presumptive prejudice is supported by Alabama caselaw, see, e.g., Ex parte Taylor, 720 So.2d 1054, 1057
(Ala.Crim.App. 1998) (more than 60-month delay); Benefield v. State, 726 So.2d 286, 290
(Ala.Crim.App. 1997) (42-month delay); Mansel v. State, 716 So.2d 234, 236 (Ala.Crim.App. 1997) (26-month delay); Ingram v. State, 629 So.2d 800, 802 (Ala.Crim.App. 1993) (19-month delay); Beaver v. State, 455 So.2d 253, 254
(Ala.Crim.App. 1984) (16-month delay); Broadnax v. State, 455 So.2d 205, 206-07 (Ala.Crim.App. 1984) (more than 26-month delay); but see Ex parte Apicella, 809 So.2d 865, 869 (Ala. 2001) (14-month delay not presumptively prejudicial); Campbell v. State, 709 So.2d 1329, 1334 (Ala.Crim.App. 1997) (26-month delay not presumptively prejudicial); and by federal cases that generally hold that a delay of approximately one year or more is presumptively prejudicial, see Doggett, 505 U.S. at 652 n. 1, 112 S.Ct. 2686 ('Depending on the nature of the charges, the lower courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year.') (citing 2 W. LaFave J. Israel, Criminal Procedure
§ 18.2, p. 405 (1984); Gregory P.N. Joseph, Speedy Trial Rights in Application, 48 Fordham L.Rev. 611, 623 n. 71 (1980) (citing cases))."
Walker, 928 So.2d at 263-65 (footnotes omitted).
For purposes of this petition, we measure the delay from the date of the issuance of a warrant for Hamilton's arrest, November 12, 2002, until April 20, 2005, which Hamilton asserts is the date the trial court entered its order denying his motion to alter, amend, or vacate its earlier order denying Hamilton's habeas petition.[3] Thus, at the time of the trial court's order, the delay in Hamilton's case was approximately 29 months. In addition, Hamilton was not indicted until August 23, 2004. Therefore, Hamilton was held in the Talladega County jail for almost 21 months, without bond and without an indictment.
Under the circumstances, the delay in Hamilton's case was presumptively prejudicial under the first Barker
factor. The 29-month delay in Hamilton's case was well more than the approximately 12 *Page 289 
months the federal courts[4] generally recognize as delay that is presumptively prejudicial and that merits inquiry into the remaining Barker factors.[5]Walker, *Page 290 928 So.2d at 265 ("`Depending on the nature of the charges, the lower [federal] courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year.'") (quoting Doggett, 505 U.S. at 652 n. 1,112 S.Ct. 2686) (additional citations omitted). Alabama decisions have found delays of a similar or shorter duration to be presumptively prejudicial, thereby requiring an examination of the remaining Barker factors. See, e.g., Mansel v.State, 716 So.2d 234, 236 (Ala.Crim.App. 1997) (26-month delay); Ingram v. State, 629 So.2d 800, 802
(Ala.Crim.App. 1993) (19-month delay); Beaver v.State, 455 So.2d 253, 254 (Ala.Crim.App. 1984) (16-month delay); and Broadnax v. State, 455 So.2d 205, 206-07
(Ala.Crim.App. 1984) (more than 26-month delay).[6]
As noted, the trial court's order of March 10, 2005, found that "there was not a deliberate delay by the office of the District Attorney during investigation or by the Alabama Department of Forensic Science relative to testing"; that finding partially addresses the reason for the delay — the secondBarker factor. That statement in the trial court's order suggests that a finding of deliberate delay is a prerequisite to a finding of presumptively prejudicial delay or even to a finding of a violation of the right to a speedy trial. However, Walker[7] and Doggett make it clear that delay may be considered presumptively prejudicial — thereby triggering an examination of the other threeBarker factors — without a finding that the delay was the result of deliberate action by the State. Moreover, to establish a violation of the right to a speedy trial, it is not necessary to show deliberate delay by the State; instead, "[c]ourts assign different weight to different reasons for delay." Walker, 928 So.2d at 265. Although "[t]he State has the burden of justifying the delay," 928 So.2d at 265, the reason for the delay affects the application of the fourthBarker factor, because "[t]he accused's burden `of proof [under the fourth Barker factor] varies inversely with the [State's] degree of culpability for the delay,'"928 So.2d at 267 (quoting Robinson v. Whitley, 2 F.3d 562,570 (5th Cir.1993)). Consequently, the trial court erred in concluding that the delay in Hamilton's case is not presumptively prejudicial and, therefore, in refusing to examine the other three Barker factors in evaluating Hamilton's speedy-trial claim, and the Court of Criminal *Page 291 
Appeals erred to the extent it did not require the trial court to consider the remaining Barker factors.
Hamilton contends that, because the delay in this case is presumptively prejudicial, this Court should balance the remaining Barker factors and find that his right to a speedy trial has been violated.[8] In Walker, this Court conducted a de novo review of the trial court's balancing of the Barker factors, which, in effect, was a rebalancing of the Barker factors. Before doing so, the Walker Court discussed Allison v. State,645 So.2d 358 (Ala.Crim.App. 1994):
 "In Allison, the Court of Criminal Appeals could not balance the Barker factors because the record did not contain sufficient facts relating to those factors. 645 So.2d at 361-62. Although the trial court in Allison conducted a hearing on the defendant's speedy-trial claim, the record contained no transcript of the speedy-trial hearing because the defendant had failed to request a copy of the transcript of the speedy-trial hearing. 645 So.2d at 359-60. Further, the trial court in Allison did not make any specific findings regarding the defendant's speedy-trial claim. Because of the incomplete state of the record, the Court of Criminal Appeals was unable to determine, among other things, the actual length of the delay and thus could not apply the Barker factors. 645 So.2d at 361-62.
 "Like Allison, the record in Walker's case contains no transcript of the speedy-trial hearing. But unlike the defendant in Allison, Walker requested a copy of the transcript of the speedy-trial hearing. More importantly, the trial court made specific, written findings and conclusions in its orders denying Walker's motion to dismiss and her subsequent motion to reconsider. Thus, the record is sufficient for this Court to conduct a de novo review of the application of the Barker factors to Walker's speedy-trial claim."
Walker, 928 So.2d at 262-63.
Hamilton's case is like Allison in that the record is insufficient to allow a rebalancing of the Barker
factors on appeal, but Hamilton's case also is likeWalker in that Hamilton attempted to include on appeal a copy of the transcripts from his speedy-trial hearings in the trial court. In particular, Hamilton included with his reply brief to this Court a copy of a reporter's transcript order he filed requesting copies of those transcripts; those transcripts, however, have not been made available to this Court or, it appears, to Hamilton. Hamilton's case differs fromWalker in one crucial aspect: unlike Walker, where "the trial court made specific, written findings and conclusions in its orders denying Walker's [speedy-trial motions]," 928 So.2d at 263, the trial court's order in this case does not include findings sufficient to permit a meaningful balancing of the Barker factors by this Court. The state of the record in Hamilton's case, therefore, places his case in a middle ground between the scenarios inAllison and in Walker.
The record in Hamilton's case includes, however, enough information to require our conclusion that the trial court erred in refusing to examine the remaining Barker
factors. The trial court's refusal to balance the remainingBarker factors was based on its erroneous conclusion that the length of the delay in Hamilton's case is *Page 292 
not presumptively prejudicial. Consequently, the Court of Criminal Appeals erred in denying Hamilton's habeas petition. On remand, the Court of Criminal Appeals should direct the trial court to consider the remaining three Barker
factors in evaluating Hamilton's speedy-trial claim. We emphasize that we express no opinion regarding the merits of Hamilton's speedy-trial claim.
 Conclusion
The judgment of the Court of Criminal Appeals denying Hamilton's habeas petition is reversed, and the cause is remanded.
REVERSED AND REMANDED WITH DIRECTIONS.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, BOLIN, and PARKER, JJ., concur.
[1] See Rule 21(e)(3), Ala. R.App. P.
[2] "The second inquiry Doggett recognizes under the length-of-delay factor is `the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" Walker, 928 So.2d at 263 n. 5 (quoting Doggett, 505 U.S. at 652, 112 S.Ct. 2686). In Walker, we noted that this second inquiry "overlaps the fourth Barker factor"; therefore, we addressed that inquiry in our analysis of the prejudice of the delay to the accused. Walker, 928 So.2d at 263-64 n. 5, 269-70.
[3] We end our measurement of the length of the delay at April 20, 2005, because that is the date of the order from which Hamilton asserts he is seeking relief, that is, the trial court's order denying Hamilton's motion to alter, amend, or vacate its earlier order denying Hamilton's habeas petition.
[4] This Court in Walker did not hold — and we do not hold in this case — that a trial court, in addressing a speedy-trial claim and applying the Barker
factors, should rely solely on the analysis applied in criminal proceedings in the federal system. Rather, a trial court should reach a decision that protects the defendant's right to a speedy trial within this State's criminal-justice system. Accordingly, a trial court evaluating a speedy-trial claim should be mindful of the circumstances, rules, and procedures involved in the prosecution of a criminal defendant in this State, which may differ significantly from the circumstances, rules, and procedures in a criminal proceeding in the federal system.
[5] The State argues that the length of delay in this case should be measured from Hamilton's arrest until his indictment, which length of delay, the State contends, is 15 months rather than 21 months because some of that delay was attributable to Hamilton. The State argues that two periods of time should not be included in measuring the length of the delay. First, the State argues that the two-month period from May 12, 2003, until June 18, 2003, should be excluded, because, the State contends, the delay during that time was attributable to Hamilton's request for a preliminary hearing. In support of this argument, the State cites State v. Johnson, 900 So.2d 482, 484
(Ala.Crim.App. 2004) ("This court has previously found that similar delays [of approximately 28 months] were not presumptively prejudicial and did not require an examination of the remaining Barker criteria."); Snyder v.State, 893 So.2d 488, 507 (Ala.Crim.App. 2003) ("`"Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test of Barker."'" (quoting Zumbado v. State, 615 So.2d 1223, 1234
(Ala.Crim.App. 1993), quoting in turn McCallum v.State, 407 So.2d 865, 868 (Ala.Crim.App. 1981))), cert.denied, 893 So.2d 563 (Ala. 2004), cert. denied,544 U.S. 1062, 125 S.Ct. 2512, 161 L.Ed.2d 1113 (2005);Campbell v. State, 709 So.2d 1329, 1334
(Ala.Crim.App. 1997) ("We conclude that the 26-month delay here was not presumptively prejudicial. Barker requires that we examine the conduct of the defense and the prosecution,407 U.S. at 530, 92 S.Ct. at 2192, and in doing so, we find that much of the delay was due to Campbell's conflicts with his attorneys, suspension of proceedings for the forensic evaluation he requested, and defense counsel's scheduling conflicts.");Coral v. State, 628 So.2d 954, 967 (Ala.Crim.App. 1992) ("Based upon the foregoing, we conclude that the [22 months] which elapsed from the appellant's arrest to the date of his trial, taking into consideration the elapsed time attributed to the actions of the appellant, was not presumptively prejudicial."); Scott v. State, 570 So.2d 813, 817
(Ala.Crim.App. 1990); and Wilson v. State,386 So.2d 496, 498 (Ala.Crim.App. 1980). Second, the State argues that an additional time of roughly four months — from November 15, 2004, until March 9, 2005 — should be excluded, because that delay was caused by Hamilton's request for a continuance in November 2004 and the parties "agreement" in January 2005 to continue the case until March 2005. Therefore, the State contends that the length of the delay in Hamilton's case is not presumptively prejudicial. We disagree.
First, the cases cited by the State do not require the conclusion that the delay in Hamilton's case was not presumptively prejudicial. With the exception ofWilson, the Court of Criminal Appeals in each case balanced the four Barker factors rather than ending the analysis after examining the first factor.Johnson, 900 So.2d at 484-85; Snyder,893 So.2d at 506-08; Campbell, 709 So.2d at 1334;Coral, 628 So.2d at 967; Scott,570 So.2d at 817-18. In Wilson, the length of delay was about 91/2 months, 386 So.2d at 497-99, which is a much shorter delay than is present in Hamilton's case. Second, the interests protected by the right to a speedy trial are not protected solely by a speedy or timely indictment. Consequently, the length of delay in Hamilton's case did not end with his indictment. Therefore, at the time the trial court denied Hamilton's motion to alter, amend, or vacate the denial of Hamilton's habeas petition, the delay in his case was 29 months. See supra note 3. Even if we exclude the 6 months' delay that the State asserts was caused by Hamilton, the delay was still 23 months, which is enough under the circumstances of this case to trigger an examination of the remaining Barker factors.
[6] In Walker, this Court cited Ex parteApicella, 809 So.2d 865, 869 (Ala. 2001)(14-month delay), and Campbell v. State, 709 So.2d 1329, 1334
(Ala.Crim.App. 1997) (26-month delay), as decisions involving similar or shorter delays than the one in Walker and that were held not to be presumptively prejudicial.Walker, 928 So.2d at 265. Although the delays inApicella and Campbell were not presumptively prejudicial, in both cases the remaining three Barker
factors were nonetheless examined. Apicella,809 So.2d at 869 ("Although we have concluded that the delay was not presumptively prejudicial, we nevertheless elect to consider the other three [Barker] factors, because Apicella was sentenced to death."); Campbell, 709 So.2d at 1334
("Even though we have concluded that the delay was not presumptively prejudicial, we have reviewed the remaining factors and find no violation of Campbell's right to a speedy trial."). However, in noting that Apicella andCampbell examined the remaining three Barker
factors when the length of delay was determined not to be presumptively prejudicial, we do not suggest that a court must examine the remaining three factors even though the length of the delay in a defendant's case is found not to be presumptively prejudicial. We emphasize only that Apicella andCampbell do not prevent our finding the delay in Hamilton's case presumptively prejudicial. See supra
note 5.
[7] Walker was decided by this Court on November 4, 2005, after the trial court issued its order denying Hamilton's speedy-trial claim and after the Court of Criminal Appeals' no-opinion denial of Hamilton's habeas petition.
[8] Conversely, although it argues that the delay is not presumptively prejudicial, the State contends that, on balance, an examination of the remaining three Barker factors does not establish that Hamilton's right to a speedy trial has been violated.