LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of burglary of an inhabited dwelling in the nighttime and sentenced to imprisonment for ten years. His only contention on appeal is that he has been deprived of his right to due process of law guaranteed to him by U.S.Const. amend. V and Ala.Const. art. 1, § 6. He bases his contention on a pre-arrest delay of twenty-three months, the alleged crime having been committed on March 14, 1973, and his arrest having been made on February 14, 1975. He expressly disclaims any violation of his Sixth Amendment right to a speedy trial, acknowledging that such a contention is foreclosed by United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), in which it was said: “. . . But we decline to extend the
reach of the amendment (Sixth Amendment) to the period prior to arrest. .” United States v. Marion, 404 U.S., at 321, 92 S.Ct. at 464, 30 L.Ed.2d at 479.
According to the testimony of Reginald Eberhart, sixteen years old at the time of the crime, a man was seen by him in the hall outside his room at about one A.M. March 14, 1973. He “hollered,” “Momma, someone is in the house,” and the man ran down the steps and out of the house. The house had been broken into and property taken therefrom. The Police Department was notified; Reginald identified defendant from pictures shown him by the police. A warrant was issued for defendant that day, but the warrant was returned without service, it being shown thereon that defendant was not at the address given for him. On May 31, 1973, defendant was arrested and placed in the Jefferson County jail on another charge, a charge of grand larceny. He remained in jail on the larceny charge until conviction and transfer on January 15, 1974, to Draper Correctional Institute, where he remained until January 13, 1975. On February 14, 1975, he was arrested on another charge that was dismissed, but while under detention on the other charge, he was additionally restrained on the *451 charge in this case. A preliminary hearing was conducted, for which he was appointed counsel, and he was bound over to the grand jury, which indicted him June 6, 1975. He was arraigned and pleaded not guilty June 13, 1975. His case was set for trial August 4, 1975. On July 29, 1975, he filed a motion to dismiss for delay in commencing the prosecution; a hearing thereon was conducted on August 4, 1975, prior to the trial of his case; after considering defendant’s affidavit and his testimony on the motion, and argument of counsel, the court overruled the motion and proceeded with the trial.
No explanation was given for the twenty-three months delay in the execution upon defendant of the warrant for his arrest other than by a stipulation of parties that, “Through some set of circumstances, through inadvertence, or carelessness, or whatever, he was not, back then, ever arrested on that warrant, through possible change of duties on the part of some detective, or something of that nature,” and that the warrant was “assigned to officers in the Sheriff’s Department who served, and they made an effort to serve the warrant, and it was returned the 21st day of March, 1973, being not found at that address,” and “at that point it was filed.”
Realizing that he must show that the delay caused defendant substantial damage to his ability to present a defense, reliance is placed upon his affidavit, “I have no way of knowing where I was or who I was with on March 14, 1973. As a result I cannot possibly prepare an effective defense to this prosecution,” and his testimony on the pretrial hearing to the effect that he was not able to remember any events of that day, or surrounding days, but that he was able to recollect that he was living on that day with a “girl named Betty Jones,” who had moved to Detroit, according to information obtained from a friend of defendant.
Young Reginald Eberhart positively identified defendant. He had seen defendant on occasions prior to the burglary and on occasions after the burglary. He was forthright and unshaken by vigorous cross-examination. We detect no weakness, no flaw, no unreasonableness in his testimony.
Defendant did not take the stand on the trial and offered no testimony whatever on the issue of his guilt or innocence.
Appellant relies chiefly upon a line of cases of the United States Court of Appeals, District of Columbia Circuit beginning with Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965) to the effect that an unreasonable or unnecessary pre-arrest delay which results in prejudice to an accused may require a dismissal of the charges against him. The most recent of such cases is United States v. Jones, 173 U.S.App.D.C. 280, 524 F.2d 834 (1975), wherein the court notes three basic requirements for the application of the principle, (1) purposefulness of the delay, (2) unreasonableness of the delay, and (3) prejudice to the defendant. As this case is to be resolved on the absence of the last requirement, we will not discuss in detail the other two. We should observe, however, that no contention is made that the delay was intended, that the State sought an advantage by the delay. As to the question of the unreasonableness of the delay, unquestionably the delay was for an unreasonable length of time, but its reasonableness is not to be measured merely by the length of time involved. The factor of culpability vel non enters the problem. It may be difficult to explain, consistent with reasonable care, the failure to take action on a warrant for a period of nearly two years, but we cannot ignore, and criminals should not be allowed to profit by, the overload that recent criminal activities have imposed upon law enforcement authorities.
We note that the vague affidavit and testimony of defendant present nothing more than a bare possibility that the delay in his arrest prejudiced him in his defense of the case against him. In United States v. Jones, supra, at 843, it is stated:
“. . . Under the test enunciated in Ross and refined in cases like Robinson, appellant still has the burden of demonstrating some ‘special circumstances,’ or *452 some prejudice to his case. Such a showing requires more than a general assertion that the accused has difficulty remembering the day of the illegal transaction.”
Also directly in point is the statement in United States v. Jones, supra, at 844, as follows:
“. . . Thus, after Robinson, the Ross requirement that the accused present a ‘plausible claim’ of prejudice is not satisfied by the mere assertion that the accused cannot remember his whereabouts on the day of the offense or by the ‘slender hope’ that a witness, now unavailable, night have been able to come forth with testimony favorable to the defense.
Courts are not required to be so gullible as to attach much credence to one’s statement that he does not remember enough about his whereabouts on a night two years before to know whether he committed a burglary at that time. The trial court properly overruled defendant’s motion to dismiss.
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.