WELCH, Judge.
The State of Alabama appeals the circuit court’s order dismissing its case against Sylvester Tolliver on the basis that Tolliver’s right to a speedy trial had been violated.
Tolliver was arrested in 2008 and indicted in September 2009 for one count of unlawful possession of a controlled substance, a violation of § 13A-12-212(a)(l), Ala.Code 1975. On August 26, 2008, the circuit court ordered that Tolliver undergo an outpatient forensic evaluation based on defense counsel’s concerns that Tolliver was incompetent.
Tolliver was served with a copy of the indictment on June 12, 2013. On July 12, 2013, Tolliver filed a motion to dismiss that alleged a violation of his right to a speedy trial. Tolliver alleged that he had been committed to the Alabama Department of Mental Health “since prior to the date of this alleged crime,” and, through no fault of his own, he had not been served with the indictment or brought to trial. The circuit court granted Tolliver’s motion on *95 July 18, 2018. On July 19, 2013, the State filed a motion requesting the circuit court to set aside its order dismissing the case because, it said, the circuit court had failed to allow the State to present evidence based on the balancing test set out in Ex parte Walker, 928 So.2d 259 (Ala.2005), and to set the matter for a hearing. The circuit court granted the State’s motion, vacated its order of dismissal, and scheduled a hearing for July 31, 2013.
Tolliver was absent from the hearing. The record indicates that Tolliver had been in the custody of the Alabama Department of Mental Health since 2008 and that he had been moved from Bryce Hospital to a nursing home or a group home because he could not be left unattended. The State called one witness, Ronald McCoy, the identification officer and records custodian for the Montgomery County Sheriffs Office (“MCSO”). McCoy testified that the MCSO had received Tolliver’s indictment in September 2009, and that deputies had attempted to arrest Tolliver at the address listed on the indictment that same month and in April 2010. When asked about any additional efforts made to locate Tolliver so he could be served with the indictment, McCoy testified that Tolliver had been featured on the television program, “County Law,” in May 2010. He said that Tolliver’s information was placed in the National Crime Information Center (“NCIC”) in June 2010, and the information in the NCIC was verified in September and October 2010. The MCSO’s file on Tolliver indicated that the MCSO learned that Tolliver was at Bryce Hospital in Tuscaloosa; there was no date in the MCSO’s file regarding when this information was received. On cross-examination, McCoy testified that Tolliver’s pri- or record would show that he had been found not guilty by reason of mental disease or defect on another offense and had been sent to Bryce Hospital.
The prosecutor requested that the court conduct the required balancing test, which required a showing of prejudice to Tolliver. The trial judge stated that, if he were the prosecutor, he would make a motion for the court to take judicial notice that Tolliver had been in a mental hospital since 2008 and that due to the previous determination that he was not guilty by reason of insanity, the court should “take notice of that and' do the same thing here.” (R. 14.)
Following the hearing, the circuit court again granted Tolliver’s motion and dismissed the case without a written order. The record indicates that the circuit judge simply wrote “Granted” and “Case dismissed” on a copy of Tolliver’s motion and initialed and dated the document. (C. 29.) The State filed notice of appeal from the order of dismissal.
The State contends that the circuit court erred in granting Tolliver’s motion without considering the factors established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Barker the Supreme Court directed that, when determining whether a defendant’s constitutional right to a speedy trial has been violated, a court must consider: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the defendant. See Ex parte Walker, 928 So.2d 259 (Ala.2005)(Alabama Supreme Court provided an analysis of the proper application of the Barker factors). The State further argues that the circuit court appeared to believe that Tolliver would probably be found incompetent to stand trial and that there was no need to evaluate his claim in light of the Barker factors.
*96 The record does not affirmatively indicate that the circuit court weighed each of the factors as required by Barker. Therefore, we remand this case for the trial court to make specific, written findings of fact as to each Barker factor with reference to the principles set forth by the Alabama Supreme Court in Ex parte Walker, supra. See, e.g., Parris v. State, 885 So.2d 813 (Ala.Crim.App.2001). If the trial court determines that it needs to conduct an additional hearing to take additional evidence or to hear additional arguments, it may do so. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 35 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact; a transcript of any additional hearing; and copies of any additional documents or evidence that may be submitted to the trial court.
REMANDED WITH INSTRUCTIONS. 
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.