BURKE, Judge.
Porter Allen Batts was convicted of trafficking in cocaine, a violation of § 13A-12-231(2), Ala.Code 1975, and of first-degree criminal mischief, a violation of § 13A-7-21, Ala.Code 1975. He was sentenced as a habitual felony offender to life imprisonment without the possibility of parole for the trafficking conviction and to 25 years’ imprisonment for the criminal-mischief conviction. This appeal follows.
A review of the record reveals that Batts was arrested for the charged crimes on February 2, 2009, but was not brought to trial until August 11, 2014. On May 8, 2009, Batts filed a motion in which he demanded a speedy trial. On April 12, 2013, Batts filed a motion to dismiss the charges against him, alleging a violation of his right to a speedy trial under the United States Supreme Court’s holding in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
The trial court held a hearing on Batts’s motion to dismiss the morning of trial. At the hearing, the following exchange occurred:
“[Defense counsel]: Judge, just in reference to the motion [to dismiss], for simplicity’s sake, I just reiterate my motion in- full as of now with the caselaw that was presented. It was presumptively prejudicial against my client for the case to be ongoing for 50 months when I filed the' motion — it was in the 50th month when I filed the motion.’ Now we are over 60 months since the time he was arrested for this case. He asserted that right for speedy trial back in 2009 through his former counsel. Judge, we would ask the case be dismissed for lack of a speedy trial, which is prejudicial in the difference—
“THE COURT: The Court has looked at your argument regarding your motion and is somewhat familiar with the case-law regarding that issue,- and the Court determines that this is not a case that should be granted dismissal on the basis of lack of speedy trial; and, therefore, your motion is denied.”
(R. 6-7.) Nothing else is contained in the record regarding Batts’s motion to dismiss on a speedy-trial ground.
On appeal, Batts argues, among other things, that the trial court erred by failing to consider the factors established in Barker v. Wingo. In Barker, the United States Supreme Court directed that, when determining whether a defendant’s constitutional right to a speedy trial has been violated, a court must consider: (1) the length of *983 the- delay; (2) the reasons for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the defendant. See Ex parte Walker, 928 So.2d 259 (Ala.2005)(providing an analysis of the proper application of the Barker factors).
In Ms brief on appeal, Batts cites State v. Tolliver, 171 So.3d 94 (Ala.Crim.App. 2014), in which this Court addressed a similar issue. In Tolliver, the trial court granted the defendant’s motion to dismiss for lack of a speedy trial and the State appealed. On appeal, the State argued, as does Batts, that the trial court erred in making its decision without considering the factors set put in Barker. This Court held:
“The record does not affirmatively indicate that the circuit CQurt weighed each of the factors as required by Barker. Therefore, we remand, this case for the trial court to make specific, written findings of fact as to each Barker factor with reference to the principles set forth by the Alabama Supreme Court in Ex parte Walker, [928 So.2d 259 (Ala.2005)]. See, e.g., Parris v. State, 885 So.2d 813 (Ala. Crim.App.2001). If the trial court determines that it needs to conduct an additional hearing to take additional evidence or to hear additional arguments, it may do so.”
Tolliver, 171 So.3d at 96.
In the present case, the record is similarly devoid of any indication that the trial court considered and weighed each of the Barker factors. As noted, the trial court stated that it was “somewhat familiar with the caselaw” regarding a defendant’s right to a speedy trial. (R. 7.) However, the trial court’s only reasoning regarding its denial of Batts’s motion was its determination “that this is not a case that should be granted dismissal on the basis of lack of speedy trial.” (R. 7.) Accordingly, this Court is unable to determine whether the trial court considered and weighed the factors set out in Barker.
Under Tolliver, supra, this case is remanded to the trial court with instructions that it make specific, written findings of fact as to each Barker factor with reference fo the principles set forth in Ex parte Walker, supra. If the trial court determines that it needs to conduct an additional hearing to take additional evidence or to hear additional'arguments, it may do so. On remand, the trial court shall take all .necessary action to see that the circuit clerk makes due return, to this Court at the earliest possible time and within 35 days after the release of this opinion. 5 The return to remand shall include the trial court’s specific, written findings of fact; a transcript of any additional hearing; and copies of- any additional documents or evidence that may be submitted to the trial court. ' • '
REMANDED WITH INSTRUCTIONS.*
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

Note from the reporter of decisions: On March 6, 2015, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 27, 2015, that court denied rehearing, no opinion. On July 10, 2015, the Supreme Court denied certiorari review, no opinion (1140727).