JOINER, Judge,
concurring specially.
I concur fully in the main opinion, I write specially to explain why I think reversal of the circuit court’s judgment— without first remanding for additional findings and possibly additional proceedings— is appropriate under the circumstances of this case.
As the main opinion notes, the circuit court did not state its reasons for granting the motion to dismiss the indictment on the basis that Danny Pylant was denied his right to a speedy trial. In cases such as State v. Tolliver, 171 So.3d 94 (Ala.Crim.App.2014), in which the circuit court granted a motion to dismiss an indictment on a speedy-trial ground but did not state its reasons for doing so, we have remanded the matter for the circuit court to make specific, written findings of fact as to the factors outlined in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and examined in Ex parte Walker, 928 So.2d 259 (Ala.2005), and, if necessary, to hold additional proceedings. See also State v. Stovall, 947 So.2d 1149 (Ala.Crim.App.2006). Here, however, Pylant did not present any evidence in support of his allegation that he had suffered actual prejudice; rather, he offered only the argument of counsel, which, as the main opinion notes, was refuted by the argument of counsel for the State. Further, the record in this case is sufficient for this Court to review the proceedings de novo.